IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANDREA AVERY, <br>     *pro se* Plaintiff, <br> <br> v. <br> <br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br>     Defendant. | ) <br> ) <br> ) <br> )   Civil No. 3:14cv155 (HEH) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Plaintiff Andrea Avery ("Plaintiff"), proceeding *pro se*, filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). The Commissioner denied Plaintiff's claims both initially and on reconsideration. On November 2, 2012, an administrative law judge ("ALJ") held a hearing on Plaintiff's claims. On November 21, 2012, the ALJ issued a decision denying Plaintiff's claims. On December 30, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On March 10, 2014, Plaintiff appealed the ALJ's decision to this Court pursuant to 42 U.S.C. § 405(g), and Defendant now moves to dismiss Plaintiff's claim on the basis that Plaintiff's appeal was untimely filed. This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss (ECF No. 9). Having reviewed the parties' submissions, the Court is now prepared to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Defendant's

Motion to Dismiss (ECF No. 9) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice.

## I. PROCEDURAL HISTORY

On February 3, 2011 and February 24, 2011, Plaintiff protectively filed for DIB and SSI, respectively. (Def.'s Mem. in Support of Mot. to Dismiss ("Def.'s Mem.") (ECF No. 10), Decl. of Kathie Hartt ("Hartt Decl.") (ECF No. 10-1), Ex. 1 ("ALJ's Decision") at 4.)[1] On April 26, 2011, the Agency denied Plaintiff's claims. (ALJ's Decision at 4.) On October 21, 2011, the Agency denied Plaintiff's claims on reconsideration. (ALJ's Decision at 4.) On November 2, 2012, the ALJ held a hearing in which Plaintiff and a vocational expert testified. (ALJ's Decision at 4.) On November 21, 2012, the ALJ issued a decision finding that Plaintiff was not disabled under the Act and denied Plaintiff's claims. (ALJ's Decision at 14.)

On December 30, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Def.'s Mem., Hartt Decl., Ex. 2 ("Appeals Council Notice") at 1.) The Appeals Council noted that if Plaintiff disagreed with its decision, Plaintiff could file a civil action in the United States District Court for review. (Appeals Council Notice at 2.) After detailing how Plaintiff may file a civil action, the Appeals Council explained that Plaintiff had sixty days to file that civil action. (Appeals Council Notice at 2.) That time frame would commence upon Plaintiff receiving the Appeals Council Notice and the Appeals Council would assume that Plaintiff received the Notice within five days, unless Plaintiff could demonstrate

---

[1] Defendant attached to her Motion to Dismiss the Declaration of Kathie Hartt, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Attached to the Declaration in the same ECF Filing (ECF No. 10-1), Defendant has included the ALJ's Notice of Decision letter and the ALJ's full Decision, listed as "Exhibit 1," and the Notice of Appeals Council Action, listed as "Exhibit 2." Each exhibit contains separate pagination. For ease of reference, the Court will refer to these documents separately with consecutive pagination as to each.

otherwise. (Appeals Council Notice at 2.) Should Plaintiff not be able to file her civil action within sixty days, she could request an extension in writing from the Appeals Council. (Appeals Council Notice at 2.) On March 10, 2014, Plaintiff commenced her action in this Court by filing her Complaint (ECF No. 3).

## II. ANALYSIS

Defendant argues that this Court should dismiss Plaintiff's Complaint, because Plaintiff filed this action more than sixty days after receipt of the Appeals Council Notice. (Def.'s Mem. at 2-3) Further, Defendant contends that Plaintiff did not demonstrate good cause to extend the sixty-day period. (Def.'s Mem. at 5-6.) Finding that Plaintiff did not timely file this action or seek to extend the filing deadline, the Court recommends dismissal of Plaintiff's Complaint with prejudice.

A. Plaintiff did not timely file this action within the required sixty-day period.

Congress has prescribed the procedure for judicial review in this Court of a denial of benefits under the Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (noting that civil action must be commenced within sixty days).[2] Thus, a plaintiff has a sixty-day time period after the final decision of the Commissioner or "such further time as the Commissioner . . . may allow" to file her action with

---

[2] For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

this Court. This sixty-day time period, promulgated by Congress, "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

In this case, the Appeals Council notified Plaintiff of its decision on December 30, 2013. (Appeals Council Notice at 1.) Unless contradicted by Plaintiff, the Appeals Council considered Plaintiff to have received the Notice five days later. (Appeals Council Notice at 2.) In this case, no evidence exists to the contrary. As such, for the purposes of calculating the sixty-day deadline, Plaintiff received the Appeals Council Notice on January 4, 2014. The sixty-day deadline for Plaintiff to commence a civil action in the district court expired on March 5, 2014. Plaintiff did not file her Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) until March 10, 2014— fives day after the expiration of the sixty-day deadline on March 5, 2014. Because Plaintiff did not commence her action within the sixty-day deadline, she did not timely file her Complaint.

B. Equitable tolling does not apply.

While Plaintiff generally must comply with the sixty-day deadline for commencement, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by Plaintiff. 20 C.F.R. § 422.210(c). Further, the Supreme Court has determined that "traditional equitable tolling principle[s]" may apply to the sixty-day deadline as well. *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976)) (internal quotation marks omitted) ("[C]ases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.").

In this case, Plaintiff had not requested an extension of the sixty-day deadline as of March 25, 2014. (Hartt Decl. ¶ 3(b).) None of Plaintiff's filings with this Court seeks an extension of the sixty-day deadline. Rather, in Plaintiff's response to Defendant's motion,

Plaintiff only argues that she is entitled to benefits and offers no basis for her untimely filing of this action. (Pl's Resp. to Mot. to Dismiss (ECF No. 12.) at 1.) In sum, at no point has Plaintiff requested or shown any cause for an extension of the sixty-day deadline. As such, equitable tolling does not apply in this case.

## VI. CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's Motion to Dismiss (ECF No. 9) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson, to Plaintiff at her address and to and all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: June 24, 2014

5